UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA



FILED
AUG 2 8 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ROGEL GRANT
REG.NO.59205-066
UNITED STATES PENIENTIARY
POST OFFICE BOX 2000
BRUCETON MILLS
WEST VIRGINIA,26525
        Plaintiff,

    v.                          CIVIL ACTION NO.

MICHAEL A. MUKASEY,
ATTORNEY GENERAL
OF THE UNITED STATES             JURY TRIAL DEMANDED
TENTH & CONSTITUTION AVE.N.W.
WASHINGTON,D.C.20530

PATRICK L. MEEHAN
UNITED STATES ATTORNEY
OFFICE OF THE UNITED STATES
ATTORNEY/
615 CHESTNUT STREET,SUITE 1250
PHILADELPHIA,PA.19106

FRANCES C. BARBIERI,JR.,
ASSISTANT UNITED STATES ATTORNEY
615 CHESTNUT STREET,SUITE 1250
PHILADELPHIA,PA.19106
        Defendants el.al.,


        CIVIL COMPLAINT FOR COMPENSATORY AND
              PUNITIVE DAMAGES

1. This action is brought by the Plaintiff,Rogel Grant,acting

pro se., to address the deprivation of constitutionally

guaranteed rights provided under the United States Constitution

5th 6th and 14th Amendments.  These violations were perperated

by employees of the United States Government.

RECEIVED
AUG - 8 2008
Clerk, U.S. District and
Bankruptcy Courts

## JURISDICTION

2. Venue confers this court pursuant to Title 28 U.S.C. 1391 (e) in which each defendants is or at the time deprived the plaintiff of his federal protected rights or an agancy there of acting in his/her official capacity or under color of legal authority,or agency of the United States. Jurisdiction is founded by this court pursuant to Title 28 U.S.C. § 1331. The entire actions constitute a single cause of action which can should be tried in one judicial proceeding. In the interest of economy convenience and fairness.

3. Plaintiff seek monetary damage,punitive damages. The amounts controversy exclusive of interest,reasonable attorney fee,and cost exceeds the sum ten thousand dollars $ 10,000.

## PARITES

4. The United States Department of Justice is an agency of the United States of America (HEREINAFTER referred to as the DOJ). The DOJ is being sued pursuing to its oaths,status and laws which caused the plaintiff to suffer deprivation of federally protected rights. And the DOJ acquiescense of employees conduct by an agreement to pay awards out conduct stated _infra_. Serve Michael A. Mukasey address Tenth & Constitution Avenue,N.W.,Washington,D.C.20530:

5. Defendant Patrick L. Meehan,is being sued in his individual and official capacity as Supervisor of the United States Attorney Office of Philadephia,PA. His job performance is to oversee all conduct of attorneys assigned to that office,which caused plaintiff to suffer a deprivation of federall protected rights. Serve Patrick L.Meehan,address 615 Chestnut Street,Suite 1250,Philadephia,PA.19106.

6. Defendant Frances C. Barbieri,Jr.,is being sued in his individual and official capacity. He is employed by the United States in the capacity of Assistant United States Attorney, pursuing to the applicable standards of care owed by an attorney, he has caused plaintiff to suffer a deprivation of federally protected rights: Serve Frances C. Barbieri,Jr.,address 625 Chestnut Street,Suite 1550 Philadelphia,PA.19106.

7. The aforementioned defendants are all lawyers their actions and inactions brought on an conspiracy to deprive the plaintiff of his constitutional rights. The conduct of these defendants made possible through the America Code of Professionally Responsibility. At all time relevant,the defendants have a duty under the canon ethical consideration ("EC") and disciplinary rules ("DR") define the type of ethicial conduct that public has a right to expect of lawyers and the United States Constitution.

## STATEMENT OF FACTS

8. On October 26,2004, the plaintiff was indicted by a federal grand jury in the Eastern District of Pennsylvania,in criminal case number 04-cr-00749 for trafficking drugs in Reading Pennsylvania in a five count indictment charging the plaintiff with four counts of distributing cocaine base,and one count of possession with the intent to distribute,all in violation of Title 21 U.S.C. § 841 (a) (1). The United States Government sought for the dismissal of the original indictment. The trial court granted the defendants motion for dismissal.

On April 5,2005, the DOJ returned a superseding indictment against the plaintiff charginig the plaintiff with the above named counts in the original indictment,and brought an additional charge that the plaintiff had conspired with nine co-defendants to distribute approximately thirty (30) kilograms of cocaine base pursuant to Title 21 U.S.C. § 841 (a) (1) and § 846. Prior to the plaintiff trial the plaintiff trial counsel filed a trial statement of the defendant Rogel Grant,where its states in peritnent parts:

> On or about April 5,2005,defendant Rògel Grant was charged with a superseding indictment with violation 21 U.S.C.§846, conspiracy to distribute cocaine base with nine other persons.  The Goverment alleges that the defendant conspired- with other to distribute more than 30 kilograms of cocaine base.

> Defendant Rogel Grant asserts that the Government prove by a preponderence of the evidence that he engaged in a conspiracy in or about January 2002,through out March,2005, because he was in custody between July 30,2002, and February,2004.

During the course of the plaintiff trial the DOJ present witnesses who testified before the jury's of the plaintiff involvement with a conspiracy or about January 2002,through March,2005.  The DOJ presentation of evidence at trial. After the close of the DOJ case the plaintiff trial counsel filed a motion under Rule 29 to have the conspiracy count dismissed.  The trial court granted the Rule 29 motion dismissed the conspiracy count.

## FIRST CAUSE OF ACTION

9. Paragraphs 1-8 incorporated herein reference and made paragraph 9. DOJ defendants Mukasey, Meehan, and Barbieri, had particpated in creation of evidence present to the invesitgating grand jury and the plaintiff jury's trial that they knew or should have known was false. The DOJ representation pertetrated fraud upon a tribunal to obtain a superseding indictment. As a direct and proximate result of the above described conduct, they carried out in a chain like manner such that each conspirator's served in the accomplishment of the over all conspiracy to deprive the plaintiff of his 5th 6th and 14th Amendments Constitutional Rights guaranteed by the United States Constitution.

## SECOND CAUSE OF ACTION

10. Paragraphs 1-9 are incorporated by reference and made pargaraph 10. The DOJ defendants took an oath of office and consequent constiutional duty. They acted in favor of a conspiracy and each performed a different activity, that was in violation to their oath of office, and the constitution. Their inactions as attorneys to ensure that the plaintiff receive due process of the law. As a direct and proximate result of the above discribed conduct, they carried out in a chain like manner such each conspirator's served in the accomplishment of the over all conspiracy to deprive the plaintiff of his 5th 6th and 14th Amendments Constitutional Rights guaranteed by the United States Constitution. As a result of the DCJ arbitrarily acts they had obstructed justice by deliberately misleading the investigating grand jury and the plaintiff jury's trial by presenting

false evidence that the plaintiff was part of a conspiracy.

## RELIEF

WHEREFORE, the plaintiff requests that this Court grant him the following relief:

    A. Issue a delaratory judgments that the DOJ violated the United States Constitution, and the Code of Professional Responsibility when they:

    1. Conspired among each other's to deprive the plaintiff of his 5th 6th and 14th Amendments Constitutional Rights. When they submitted to the grand jury and the trial jury's false evidence in an attempt to convict the plaintiff on the false evidence.

    2. To declare that the DOJ had obstructed justice in an attempt to perpetrate fraud to obtain the plaintiff conviction.

    3. That the DOJ had caused the plaintiff injuries where he suffer from emotional stress, and anguish, that as a direct and proximate results of any and all of the foresaid wrongful acts of the DOJ that caused the plaintiff to sustain a serious deprivation of his rights.

    B. Grant compensatory and punitive damages in the following: (1) Ten Million dollars ($ 1.000.000.00) against the defendant Mukasey. One Million dollar ( $ 1.000.000.00) against the defendant Meehan; and (3) One Million dollars ($ 1.000.000.00) against the defendant Barieri.

    C. Grant punitive damage of One Million dollars against each defendants for their arbitrarily action violating the plaintiff rights.

D. Grant such other relief as it may appear that the plaintiff is entitled too.

Respectfully Submitted

*Roger Grant*
Roger Grant
Reg. No. 59205-066
United States Penitentiary
Post Office Box 2000
Bruceton Mills
West Virginia, 26525

### CERTIFICATE OF SERVICE

I, HEREBY STATES that the foregoing Civil Complaint was mailed to the Clerk Office/ United States District Court For The District of Columbia. On this 28 day of July, 2008 :

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROGEL GRANT,

    Plaintiff,

v.                                            Civil Action No.

MICHAEL A. MUKASEY,

    Defendant's el.al.,

## REQUEST FOR ADMISSIONS

Plaintiff, Rogel Grant, acting pro se., request that the defendant's to makes the following admissions within thirty days of service of this request.

## INSTRUCTION

Please answer the following by writing "admission" or "deny." No explanation are necessary.

## ADMISSIONS

1. Admit or deny that the dismissal of the original indictment was based upon fraud on the court, when you use the court to dismiss the indictment to bring on a false charge of a conspiracy on a superseding indictment.

2. Admit or deny your's reasons for bringing the superseding indictment for a conspiracy based on the plaintiff refusal to become an informant.

3. Admit or deny did you have knowledge that the charge of conspiracy was false.

4. Admit or deny did you tell the witnesses who testify at trial to put the plaintiff with the conspiracy charge falsey.

5. Admit or deny did you and other parties conspired with one another to bring the conspiracy charge when you knew that there was no evidence in support that the plaintiff was part of a conspiracy.

6. Admit or deny did you know that the plaintiff was incarcerated at the time of the conspiracy.

Respectfully Submitted

*Rogel Grant*
Rogel Grant
Reg.No.59205-066
United States Penitentiary
Post Office Box 2000
Breucton Mills
West Virginia,26525

## CERTIFICATE OF SERVICE

I, HEREBY STATES that the foregoing Request For Admissions was mailed to the Clerk Office/ United States District Court for The District of Columbia.  On this 28 day July ,2008:

-3-

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROGEL GRANT,
    Plaintiff,

v.                                              Civil Action No.

MICHAEL A. MUKASEY,
    Defendant's el.al.,

## FIRST SET OF INTERROGATORIES

The Plaintiff, Rogel Grant submits the following interrofatories to the defendants pursuant to Rule 33, Fed.R.Civ.P. You are directed to answer them in writing under oath within thirty days of service.

## DEFINITION AND INSTRUCTION

These interrogatories are containing in character, and therefore, require you to file an answer to them. Where knowledge or informations in possession of a party is requested, such includes of the party's agents, representative shall mean and include any and all agents, servants and employees.

## INTERROGATORIES

1. Did you knew from a individual or individuals that the plaintiff was not involved in a conspiracy.

2. Did you or any of your's agents conspired with others to deprive the plaintiff of his constiutional rights by presenting a false charge of conspiracy to the grand jury and the trial court.

3. Did you knew prior to the dismissal of the originial indictment that the evidence you received on the conspiracy charge was false.

4. Did you conspire with any of the witnesses who testified at trial to said that the plaintiff was part of the conspiracy.

5. Did you know that the plaintiff was incarcerated at the time of the conspiracy.

6. Why did you bring the charge of conspiracy when you know that the plaintiff was incarcerated at the time of the con- spiracy.

Respectfully Submitted

*Roger Grant*
Roger Grant
Reg.No.59205-066
United States Penitentiary
Post Office Box 2000
Bruceton Mills
West Virginia,26525

-2-

## CERTIFICATE OF SERVICE

I,HEREBY STATES that the foregoing First Set of Interrogatories was mailed to the Clerk Office/ United States District Court For the District of Columbia. On this 28 day of July ,2008: